IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KENNETH WRIGHT,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 4:23-cv-01248-O |
| § | |
| **STATE FARM LLOYDS,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motion to Compel Appraisal and Abatement (ECF No. 8) and Defendant State Farm Lloyds' Amended Response to Plaintiff's Motion to Compel Appraisal and Abatement. ECF No. 10. By Order dated February 8, 2024, United States District Judge Reed O'Connor referred the Motion and related responses, replies, briefs in support, and appendices to the undersigned pursuant to 28 U.S.C. § 636(b)(1). ECF No. 11. Plaintiff did not file a reply. After considering the Motion, Amended Response, and relevant legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion (ECF No. 8).

**I.     BACKGROUND**

Kenneth Wright ("Wright") sues his insurer, State Farm Lloyds ("State Farm"), for breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices—Consumer Protection Act and the Texas Insurance Code, fraud, and "ongoing conspiracy to commit illegal acts" in connection with damage to his property. ECF No. 1 at 6-38. State Farm asserts that the insurance contract at issue is a renter's policy and that the property damage involved destruction of Wright's mobile home due to two fires that occurred two days apart under suspicious circumstances. ECF No. 10 at 1-2. State Farm removed the case to this Court on December 15, 2023 under 28 U.S.C. §§ 1332 and 1441 because it is a citizen of Illinois

and Wright is a citizen of Texas. ECF No. 1 at 2. Wright does not challenge the jurisdictional facts or the timeliness of removal.

On January 17, 2023, Wright moved to compel appraisal of his claim under his State Farm policy and to abate the case pending appraisal. ECF No. 8 at 1. He argues that "Texas courts have consistently enforced appraisal provisions with virtually no exception" and that "appraisal cannot be avoided merely because there is a question of causation." *Id*. at 2, 5. He also argues that appraisal would not prejudice State Farm, that the Court has discretion to order appraisal, and that appraisal is a condition precedent to suit under the policy at issue. *Id*. at 8-11. He also seeks to recover his reasonable attorney fees and costs incurred in bringing the motion. *Id*. at 12.

State Farm opposes the Motion for two reasons. First, it asserts that its disagreement with Wright concerns coverage under the policy, not the value of Wright's property that was destroyed in the fires. ECF No. 10 at 1. Second, it argues that when read in conjunction with a provision about the insured's duties after loss, the appraisal provision in the policy at issue does not support granting appraisal under the circumstances at issue. The appraisal provision reads, in relevant part:

4.  **Appraisal**. If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only *you* or may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I - CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.
                                           . . .
    h.  Appraisal is only available to determine the amount of the loss of each item in dispute.
                                           . . .

ECF No. 10 at 9, 43.

In turn, "SECTION I—CONDITIONS, Your Duties After Loss" states:

**SECTION I – CONDITIONS**

2.  **Your Duties After Loss.** After a loss to which this insurance may apply, you

      must cooperate with us in the investigation of the claim and also see that the following duties are performed:

. . .

    c.      prepare an inventory of damaged or stolen personal property:

          (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
          (2) attaching all bills, receipts, and related document that substantiate the figures in the inventory;

    d.      as often as *we* reasonably require:

          (1) exhibit the damaged property;
          (2) provide *us* with any requested records and documents and allow *us* to make copies;
          (3) while not in the presence of any other *insured*:
                (a) give statements; and
                (b) submit to examinations under oath. A parent or legal guardian may be present when the person being examined under oath is a minor; and
          (4) produce employees, members of the *insured's* household, or others for examination under oath to the extent it is within the *insured's* power to do so;

    e.      submit to *us*, within 91 days after *our* request, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:
          (1) the time and cause of loss;
          (2) interest of the *insured* and all others in the property involved and all encumbrances on the property;
          (3) other insurance that may cover the loss;
          (4) changes in title or occupancy of the property during the term of this policy;
          (5) specifications of any damaged structure and detailed estimates for repair of the damage;
          (6) an inventory of damaged or stolen personal property described in 2.c.;
          (7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

. . .

*Id*. at 7-8, 42.

      State Farm maintains that Wright did not satisfy his duties after loss because he did not cooperate with its Special Investigation Unit's review of his claim, refused to give an examination under oath, and did not provide some of the requested documentation. *Id*. at 2-4, 10. State Farm

argues that Wright's compliance with those duties was a condition precedent to his right to appraisal, that he has the burden to show that all conditions precedent had been met, and that he failed to do so. *Id.* at 10-11.

## II.    LEGAL STANDARDS

In this diversity case, Texas substantive law applies. *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)).

"Interpretation of insurance contracts in Texas is governed by the same rules as interpretation of other contracts." *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). The Court will consider the entire instrument so that none of the provisions will be rendered meaningless. *R & P Enters. v. LaGuarta, Garvel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex. 1980). "When a contract is unambiguous [the Court] will enforce it as written." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 862 (Tex. 2000) (citing *Heritage Resources, Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)). But if a contract is ambiguous—that is, if it is reasonably susceptible to conflicting interpretations—the ambiguity is "construed against the drafter." *Liberty Surplus Ins. Corp. v. Exxon Mobil Corp.*, 483 S.W.3d 96, 101 (Tex. App.—Houston 2015, pet. denied) (citing *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990)). In an insurance policy, this means that "an ambiguous policy is construed against the insurer and in favor of coverage." *Id.*

A party to an insurance policy with an appraisal clause may compel the other party to submit to the appraisal process under the policy's appraisal provision. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195-96 (Tex. 2002) (finding that an insurer and insured were contractually required to use an appraisal to set the value regarding the amount of loss). "Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning

4

a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011). "Under Texas law, enforcement of appraisal clauses is favored. Such clauses are ubiquitous in Texas insurance contracts, and they have often helped policyholders and insurers to resolve disputes without resorting to litigation." *Meadows v. Allied Prop. & Cas. Ins. Co.*, No. 1:19-CV-2-H, 2020 WL 6122543, at *1 (N.D. Tex. Jan. 7, 2020) (citations omitted). A policy generally includes appraisal provisions to avoid "wasted time, money, and energy if the appraisal process resolves the case or significantly narrows the issues." *Torres v. State Farm Lloyds*, No. CIV.A. 7-14-CV-421, 2015 WL 12942070, at *1 (S.D. Tex. Feb. 3, 2015).

There is no specific federal statute or rule which expressly authorizes a motion to abate. *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010) (citation omitted). Thus, "[w]hile federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, 'which must be exercised in light of the policy against unnecessary dilatory motions.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1360 (3d ed. 2004); *see also* 28 U.S.C. § 2105 ("There shall be no reversal in the Supreme Court or a court of appeals for error in ruling upon matters in abatement which do not involve jurisdiction.").

### III.   ANALYSIS

The parties do not question the right to appraisal under the State Farm policy at issue, but they disagree about whether Wright is entitled to invoke appraisal on the facts of this case.

#### A.   An insurer's denial of coverage does not affect an insured's appraisal right.

State Farm's objection to appraisal due to its denial of coverage for Wright's claim is unavailing. The right to appraisal under an insurance policy exists even if the insurer denies coverage and there is a question whether the policy covers some or all of the claimed loss. *Hart Chesnutt, LLC v. Covington Specialty Ins. Co.*, 622 F. Supp. 3d 306, 312 (N.D. Tex. 2022) (citing

5

*State Farm Lloyds v. Johnson*, 290 S.W.2d 886, 892-95 (Tex. 2009)). An insurer "cannot avoid appraisal at this point merely because there might be a causation question that exceeds the scope of appraisal." *Id*. (citing *Johnson*, 290 S.W.3d at 893).

> **B.     Under the appraisal provision at issue, the insured has the obligation to show that he fulfilled his duties after loss before he can invoke appraisal.**

State Farm is correct that Wright is not entitled to compel appraisal because he has not shown that he fulfilled all conditions precedent to that right. Although the Court has not decided this precise point, then United States Magistrate Judge John A. Kazen did so in another case involving State Farm, the same policy language present here, and a motion to compel appraisal filed early in a case. In *Sepulveda v. State Farm Lloyds*, the court determined that the duties after loss provision in State Farm's policy was a condition precedent to the insured's appraisal rights, that the insured bore the burden of showing that all condition precedents had been performed, but that the court did not have enough evidence to hold that the insured had met his burden. No. 5:20-CV-157, 2021 WL 8441964 (S.D. Tex. May 24, 2021). Accordingly, Judge Kazen recommended that the district judge deny the insured's motion to compel appraisal without prejudice to re-urging it at a later time after additional evidence had been obtained. *Id*. The same logic applies here, and the undersigned recommends that Judge O'Connor **DENY** the Motion at this time due to a lack of evidentiary support.

As the court in *Sepulveda* explained, "Texas does not generally favor reading conditions precedent into contracts" but that "[i]n this matter, the relevant contractual clause contains explicit conditional language indicating that the parties intended for there to be conditions precedent." *Id*. at *3. Identical to the duties after loss language in the State Farm policy here, the provision in *Sepulveda* provided that the insured "*must comply* with Section I – Conditions, Your Duties After Loss *before* making a demand for appraisal." *Id*. at *3 (emphasis added). Because the language was clear, the court held that the insured's compliance with his duties after loss was a condition

6

precedent to invoking the appraisal provision. *Id.* Applying the same reasoning to the identical policy language, the undersigned finds that Wright's compliance with his duties after loss is a condition precedent to his right to compel appraisal.

Likewise, the undersigned concludes that Wright bears the burden of showing that he fulfilled all conditions precedent to his right to appraisal. "Under Texas contract law, the 'party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied.'" *Id*. (quoting *Balfour Beatty Rail, Inc. v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363, 400 (N.D. Tex. 2016) and *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 283 (Tex. 1998)).

Finally, the Court considers if it can at this time rule on whether Wright met his obligation to show entitlement to appraisal. The court in *Sepulveda* held that it could not make that determination at the beginning stages of the case because it "would be required to make a factual determination of whether Plaintiff performed the challenged conditions precedent based on the evidence the parties [had] presented." 2021 WL 8441964 at *3. The court found a lack of "precedent supporting the proposition that this Court may decide as a matter of *law* the issue of Plaintiff's performance of conditions precedent to invoking appraisal." *Id*. at 5.

In two cases decided after *Sepulveda*, Texas judges acted as factfinders in ruling on motions to compel appraisal. *See Hall v. State Farm Lloyds*, No. H-21-1769, 2021 WL 5054647, at *1 (S.D. Tex. Nov. 1, 2021) (finding that Plaintiff's "failure to comply with the conditions for invoking appraisal" meant that he had "waived his right to appraisal under the policy terms."); *De Los Reyes v. State Farm Lloyds*, No. 1:22-cv-071, 2022 WL 17327310, at *1 (S.D. Tex. Oct. 25, 2022) ("Plaintiff has provided no facts indicating that Castillo behaved so egregiously as to justify his own failure to comply with his policy's terms."). In a federal case prior to *Sepulveda*, a Louisiana judge did similarly. *Beasley v. GeoVera Specialty Ins. Co.*, No. 13–395, 2013 WL

7

3187289, at *2 (E.D. La June 20, 2013) ("Therefore, on December 18, 2012, the condition precedent to appraisal-that the two parties dispute the amount of loss-was met."). Although the court in *Hall* invoked the concept of waiver, the undersigned does not do so in the instant case, as State Farm has not argued that Wright waived his right to appraisal.

Courts also have considered the evidence of compliance with conditions precedent to appraisal in considering a motion for summary judgment. *See Great Lakes Ins. SE v. Horton Family Trust, LLC,* No. 7:19-cv-00138-O, 2021 WL 1117171, at *6 (N.D. Tex. Mar. 24, 2021) (O'Connor, J.) ("…Great Lakes is entitled to judgment as a matter of law on its declaratory judgment action because there are no disputes of material fact, and the sworn proof of loss was a condition precedent to appraisal that was never satisfied."); *GuideOne Mut. Ins. Co. v. First United Methodist Church of Hereford,* No. 2:18-CV-00140 (N.D. Tex. Apr. 1, 2020); *Sepulveda*, 2021 WL 8441964, at *4 ("In the limited number of cases the Court was able to locate which address this issue—whether the insured complied with the Your Duties After Loss provision as a condition precedent to invoking appraisal—the issue was before the district court through a motion for summary judgment.").

In the instant case, Wright sought appraisal by letter dated October 4, 2022 (ECF No. 8 at 72) and in the Motion. However, he offered no evidence to show that he had performed the conditions precedent to his right to appraisal in support of his Motion, nor did he reply to State Farm's Amended Response. State Farm offered evidence in support of the facts and arguments made in its Amended Response to the Motion, including a copy of the policy at issue (ECF No. 10 at 14-58) and the Affidavit of Joe Lewis, the Claims Specialist responsible for Wright's claim (*id.* at 60-67). Wright bears the burden of proof to show that all conditions precedent to appraisal have been met, and he made no effort to do so. Accordingly, because it is apparent without the need for factfinding that Wright has not met his burden of showing that all conditions precedent to appraisal

have been met, Judge O'Connor should **DENY** Plaintiff's Motion to Compel Appraisal, including his claim for attorney's fees incurred in filing the Motion and his request for abatement of the case.

## IV.   CONCLUSION

The Court may order appraisal even when the insurer contests the issue of coverage. However, in the policy at issue, the insured's performance of certain duties after loss was a condition precedent to his right to compel appraisal, he bore the burden of showing that performance to be entitled to invoke appraisal, and the insured did not make such a showing. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 25, 2024.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE